**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-06-312 (1) |
| | § | |
| JUAN ANTONIO TORRES, | § | |
| | § | |
| Defendant-Movant. | § | |

**ORDER DENYING MOTION FOR EARLY RELEASE**

Pending before the Court is a *pro se* motion filed by Defendant Juan Antonio Torres, which he titled as a "Motion for Early Release." (D.E. 63.)  In it, Torres asserts that he has recently been diagnosed as terminally ill and that "forensic medical and psychiatric physicians have diagnosed him as having "diminishing mental and physical conditions." (D.E. 63 at 1.)  He requests that the Court allow him an early release, and relies on United States Sentencing Guidelines § 5K2.1.

Although Torres references the sentencing guidelines, the Court construes his motion as requesting a reduction in sentence pursuant to 18 U.S.C. § 3582.  This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c).  United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997).  These circumstances are limited to the following: (1) when the Bureau of Prisons ("BOP") moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was

sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements.  See § 3582(c).

Section 3582(c)(1)(A)(i) would allow the Court to reduce Torres' sentence if the BOP filed a motion with the Court requesting the reduction and the Court found that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).  To date, however, no such motion has been filed by the BOP on behalf of Torres.

Moreover, the BOP's policy on "compassionate releases" appears to be that the BOP will move for a reduction in sentence under § 3582 only if a prisoner is suffering from a serious medical condition that is generally terminal, with a determinate life expectancy.  In Williams v. Van Buren, 117 Fed. Appx. 985 (5th Cir. Dec. 20, 2004), for example, the BOP informed the court in Williams that it generally restricts the application of § 3582(c)(1)(A)(i) to inmates diagnosed with medical conditions that are terminal within one year or who suffer from severely debilitating and irreversible conditions that render them unable to provide self-care.  In that case, a prisoner with cancer in remission did not satisfy the BOP's criteria and so the BOP refused to move for her early release.  The Fifth Circuit affirmed the district court's denial of the prisoner's § 2241 claim, which challenged both the BOP's failure to move for her release, and the rule pursuant to which it did so.  Williams, 117 Fed. Appx. 985; see also United States v. Guerrero, 155 Fed. Appx. 757 (Feb. 15, 2006) (district court properly denied a federal prisoner's motion for reduced sentence under 18 U.S.C. § 3582(C)(1)(A)(i) where the prisoner alleged he had a heart condition, but did not allege that he had an illness from which he would die within a year or a medical condition rendering him unable to provide self-care).

Torres' motion describes his terminal illness as diabetes and "deteriorating heart muscle." (D.E. 63 at 2.)  Unless Torres' medical condition qualifies under the BOP's criteria, a fact which Torres has not alleged, it is unlikely the BOP will move for his early release.  In any event, absent such a motion from the BOP, the Court lacks authority to reduce his term of imprisonment.

## CONCLUSION

For the foregoing reasons, Torres' motion for early release (D.E. 63) is DENIED.

It is so ORDERED this 23rd day of January, 2008.

Janis Graham Jack
United States District Judge